No. 26-5492

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 2, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| Plaintiff-Appellee, | ) | |
| PHILLIP GARY YOUNG, JR., | ) | |
| Receiver-Appellee, | ) | |
| v. | ) | |
| UNCLE NEAREST, INC., et al., | ) | O R D E R |
| Defendants, | ) | |
| SHELBYVILLE BARREL HOUSE BBQ LLC., et al., | ) | |
| Respondents, | ) | |
| and | ) | |
| FAWN WEAVER, KEITH WEAVER, | ) | |
| Defendants-Appellants, | ) | |
| GRANT SIDNEY, INC., | ) | |
| Respondent-Appellant. | ) | |

Before:  NORRIS, NALBANDIAN, and HERMANDORFER, Circuit Judges.

Defendants-appellants Fawn and Keith Weaver and respondent-appellant Grant Sidney, Inc. appeal the district court's order expanding the scope of receivership in this breach-of-contract suit.  Appellants move to stay that expansion until their appeal is heard.  In addition, they ask us to stay the district court's order setting public notice, an overbid deadline, and a hearing for the

No. 26-5492
-2-

receiver's planned sale of property on Martha's Vineyard, Massachusetts.  Receiver Phillip Gary Young, Jr., and plaintiff Farm Credit Mid-America, PCA, oppose both requests. We deny the motion for interim stay relief.

In 2016, the Weavers founded Uncle Nearest[1], a spirits company named for the first known African-American master distiller.  Under the Weavers's leadership, the brand grew rapidly, fueled in part from 2022 onward by multiple loans from Farm Credit Mid-America, PCA, which now "holds a security interest in almost all of Uncle Nearest's property."  By the start of 2024, however, Uncle Nearest was having trouble paying its bills.  Farm Credit renegotiated the contract multiple times, but when Uncle Nearest continued to miss payments, Farm Credit filed suit against Uncle Nearest and the Weavers, asserting that it was owed more than $108 million and requesting the immediate appointment of a receiver to protect its collateral.

Farm Credit separately moved to appoint a receiver to manage property held by Uncle Nearest and seven closely related entities.[2]  Among that property was a house in Martha's Vineyard that the Weavers had purchased for hosting corporate events.

The district court granted the receivership motion and shortly afterward appointed Young. Soon after his appointment, Young moved the district court to clarify whether the receivership should extend to cover other apparently related entities.[3]  Those entities included respondent-

---

[1] This order uses the term "Uncle Nearest" to refer collectively to defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC.

[2] These entities are Domaine D'Anatole, Inc.; Domaine D'Anatole, S.A.S; UNAH, Inc.; S1 Organic Vodka, LLC; UN House MV, LLC; Uncle Nearest Ventures, LLC; and the Nearest Green Historical Preservation & Culture Fund.

[3] These entities are respondent-appellant Grant Sidney, Inc. and respondents Shelbyville Barrel House BBQ LLC; Humble Baron, Inc.; Uncle Nearest Spurs VI, LLC; Quill and Cask Owner, LLC; Nashwood, Inc.; Classic Hops Brewing Co.; Shelbyville Grand, LLC; Weaver Interwoven Family Foundation; and 4 Park Street LLC.

No. 26-5492
-3-

appellant Grant Sidney, a company owned by Fawn Weaver that is Uncle Nearest's largest shareholder. While the motion for clarification was pending, Young asked the district court to approve the sale of the Martha's Vineyard property and appellants asked the court to reconsider the order appointing a receiver.

Three weeks later, and unbeknownst to Young, Fawn Weaver filed Chapter 11 bankruptcy petitions on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. The bankruptcy court quickly dismissed the cases on the ground that the receivership order deprived Fawn of authority to initiate any legal action in Uncle Nearest's name. Appeals from those dismissals are currently pending before the district court.

Back in the original contract suit, the district court issued an order related to Young's motion to sell the Martha's Vineyard property. That order directed Young to publish notice of the sale, accept bids, and appear for a hearing on the motion. That hearing took place on June 11, 2026.

Two weeks later, the district court acted on Young's earlier motion to clarify the scope of his receiver authority and appellants' motion to reconsider the order appointing a receiver. The district court construed Young's motion as one to expand the receivership and granted it only as to Grant Sidney. The order further directed Young to investigate whether Grant Sidney holds any assets that rightly belong to Uncle Nearest or any other entity under his receivership. The court also construed appellants' motion to reconsider as a motion to terminate Young's appointment and denied it.

The Weavers and Grant Sidney appealed. They also moved to stay the orders approving preparatory steps related to the sale of the Martha's Vineyard property (the "sale-preparation order") and expanding the receivership (the "expansion order").

No. 26-5492
-4-

"We ask four questions in evaluating whether to grant a stay pending appeal: Is the applicant likely to succeed on the merits?  Will the applicant be irreparably injured absent a stay?  Will a stay injure the other parties?  Does the public interest favor a stay?" *Roberts v. Neace*, 958 F.3d 409, 413 (6th Cir. 2020) (per curiam).  Demonstrating likelihood of success is "critical" to obtaining relief, *Nken v. Holder*, 556 U.S. 418, 434 (2009), and will often be the "determinative factor in our analysis," *Dahl v. Bd. of Trs. of W. Michigan Univ.*, 15 F.4th 728, 730 (6th Cir. 2021) (citation omitted), which it is here.  As the applicants, the Weavers and Grant Sidney bear the burden of demonstrating entitlement to a stay.  *See Nken*, 556 U.S. at 433-34.

For the reasons given below, we deny the requested stay relief.

*Sale-preparation order.*  A stay applicant's "affirmative burden of showing a likelihood of success on the merits necessarily includes a likelihood of the court's reaching the merits." *Moms for Liberty v. Wilson Cnty. Bd. of Educ.*, 155 F.4th 499, 509 (6th Cir. 2025) (citation modified).  This Court's appellate jurisdiction is limited to the matters "specified in the notice of appeal." *Bonner v. Perry*, 564 F.3d 424, 429 (6th Cir. 2009).  But while appellants seek to stay the sale-preparation order, they did not appeal that order:  Their notice of appeal specified only the district court's interlocutory expansion "Order entered May 26, 2026 (Dkt. 198)."  R. 200, PageID 7817.  Appellants made no mention of the sale-preparation order, which the district court separately entered two weeks earlier at docket entry 197.  Because the sale-preparation order was not included in appellants' notice of appeal, and appellants have provided no alternative basis for jurisdiction, it appears that we lack power to review it.  *See JGR, Inc. v. Thomasville Furniture Indus., Inc.*,

550 F.3d 529, 532 (6th Cir. 2008). Appellants' failure to demonstrate a likelihood of this Court's jurisdiction over the sale-preparation order forecloses their request to stay that order.[4]

*Expansion order.* We also decline to stay the order expanding the receivership. On this front, appellants' stay request fails for several independent reasons.

To begin, a movant must ordinarily seek a stay in the district court before asking us to intervene. Fed. R. App. P. 8(a)(1)(A). The failure to do so is a sufficient basis to deny relief. *See, e.g.*, *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930-31 (6th Cir. 2002) (per curiam). We may, however, consider a stay in the first instance when the movant shows that "moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(i).

Appellants contend that the impracticability exception applies for three reasons. First, the district court hadn't acted on motions, filed in the separate bankruptcy actions, to halt some of the receiver's activities. Second, in this case, the district court took five months before denying their "previous request for a partial stay" to prevent the receiver from dispersing proprietary information, ultimately doing so in the order denying their "motion to reconsider" the receivership. Third, appellants point to a notice the receiver filed indicating that a confidential buyer has signed a non-binding letter of intent to purchase the assets of Uncle Nearest, with the execution of a formal agreement anticipated sometime in mid-July. These arguments do not demonstrate impracticability. The motions in the bankruptcy actions that appellants identify relate to the contents of the sale-preparation order. So the district court's treatment of them does not

---

[4] On June 15, 2026, the district court entered an order approving the sale of the Martha's Vineyard property. That order, however, directed Young not to disburse any proceeds of the sale to Farm Credit "while the underlying claims in" the breach-of-contract suit "remain pending." R. 212, PageID 7911-12. On July 1, 2026, appellants filed a motion in the district court seeking to stay that order pending resolution of their anticipated motion for reconsideration and any appeal

demonstrate futility with respect to the expansion order.  And appellants mischaracterize their "motion to reconsider" as including "a previous request for a partial stay."  Emergency Mot., D. 5, p. 8.  Asking the district court to block Young from sharing proprietary information isn't the same as asking the district court to stay the expansion order.  Further, the expansion order specified that the receiver must seek the district court's approval prior to taking action to dispose of or otherwise encumber Grant Sidney's assets.  So to the extent that appellants oppose any such actions by the receiver, they may seek relief in the first instance from the district court.

Even if we ignored appellants' procedural fault, we would deny the request to stay the expansion order because appellants have not "made a strong showing that [they are] likely to succeed on the merits."  *Nken*, 556 U.S. at 434.

Here, too, appellants face jurisdictional hurdles.  *Cf. Moms for Liberty*, 155 F.4th at 509. Our appellate jurisdiction over interlocutory receivership orders is limited:  We may review only "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." 28 U.S.C. § 1292(a)(2).  Although that provision permits review of orders initially appointing receivers and refusing to wind-up receiverships, several courts have reasoned that "mid-stream orders entered in the normal course of receivership proceedings are *not* immediately appealable." *SEC v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1331 (11th Cir. 2022); *see also, e.g.*, *Netsphere, Inc. v. Baron*, 799 F.3d 327, 332 (5th Cir. 2015) ("We have also refused to find jurisdiction over other orders issued in the course of a receivership, such as authorizing the execution of a lease by a receiver.").

That limitation presents problems for appellants.  That is because they "do not seek to stay the receivership in its entirety, but only those portions of the Orders that expand the receivership

No. 26-5492
-7-

to Grant Sidney, Inc." Emergency Mot., D. 5, p. 1. More than that, appellants specifically disclaim seeking stay relief from the portions of the order denying their "motion to reconsider" the receivership . To the extent appellants seek review only of a mid-stream order expanding the receivership, rather than an appointment or refusal to wind-up the receivership, this Court may lack jurisdiction to entertain their request.

Nor have appellants made a convincing merits case at this juncture. We review the district court's appointment of the receiver and its administration of the receivership for an abuse of discretion. *Quilling v. Trade Partners, Inc.*, 572 F.3d 293, 298 (6th Cir. 2009); *see also Guy v. Citizens Fid. Bank & Tr. Co.*, 429 F.2d 828, 833-34 (6th Cir. 1970). "[A] 'district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law.'" *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)). We will not reverse unless we are left with "a definite and firm conviction" that the district court "committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Michigan*, 131 F.4th 409, 417 (6th Cir. 2025) (citation modified), *cert. denied sub nom.*, *Sault Ste. Marie Tribe of Chippewa Indians v. Michigan*, No. 25-165, 2026 WL 79825 (Jan. 12, 2026).

Appellants argue that the district court abused its discretion by adopting a "control first . . . investigation later" approach that extended Young's receivership to Grant Sidney without adequate justification. Emergency Motion, D. 5, pp. 12, 14. They further claim that the district court lacked the evidence it needed to determine that expanding the receivership was appropriate given Grant Sidney's assets. We disagree.

The district court gave three primary reasons for expanding the receivership. *First*, in testimony before the district court, Fawn Weaver admitted that she previously used Grant Sidney

to help shelter funds from Farm Credit. Specifically, when Uncle Nearest was struggling to pay back Farm Credit, it sold $20 million in convertible promissory notes to an entity called MP-Tenn LLC. Fawn opened a new account for Uncle Nearest for the sole purpose of receiving the funds from the notes sale and then immediately transferred those proceeds to an account controlled by Grant Sidney. She testified that she moved the money out of Uncle Nearest's control so that it could not be "snatched" by Farm Credit. R. 144, PageID 4887. The district court recognized that the $20 million was eventually disbursed to Uncle Nearest or its vendors, and that Fawn never comingled Uncle Nearest's funds with Grant Sidney's. Still, it concluded that Fawn had used Grant Sidney as part of a "scheme to hide and misrepresent the source of the $20 million." R. 198, Page ID 7781-84, 7805.

*Second*, Fawn Weaver used Grant Sidney in another suspect transaction. In 2021, she "transferred funds from Uncle Nearest to herself and then to Grant Sidney" in order to "facilitate a $150,000 investment in LS Cream Liqueur." *Id.* at 7805. Though Fawn claimed Uncle Nearest owed her those funds, she provided no evidence beyond her own word. The district court rejected Fawn's explanation, having found her not to be a credible witness throughout the proceedings.

*Third*, the district court expressed "serious questions" regarding Grant Sidney's financial transparency. *Id.* at PageID 7806. Grant Sidney agreed to an order requiring it to provide Young with all its bank statements for the previous five years. After it purported to satisfy that obligation, two more bank accounts came to light. In response, Fawn Weaver asserted that she simply forgot about these other accounts. The district court was unsure of that explanation and worried that "there may be other 'forgotten' accounts lurking in the shadows." *Id.* Based on the above, the district court reasoned that expanding the receivership was necessary to prevent Grant Sidney from improperly dissipating assets related to Uncle Nearest. It further explained that, taking Fawn's

own characterization of Grant Sidney as a passive holding company, the burden of receivership would be light, since such an entity would be unlikely to experience operational disruptions. Nor was the expansion unbounded; the district court's instructions expressly "prevent[ed] the Receiver from selling, transferring, hypothecating, or otherwise encumbering any of Grant Sidney's assets until further Order of the Court." *Id.* at PageID 7807.

Appellants have not shown that they are likely to succeed in proving that the district court abused its discretion. "The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary." *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). As things stand, those aims reasonably warranted expanding the receivership to include an entity Fawn used to move or shelter funds related to Uncle Nearest. *See* R. 144, PageID 4887. Further, the district court's view that lesser remedies would be inadequate finds support in Grant Sidney's lack of financial transparency. Appellants do not address the 2021 transaction or Grant Sidney's initial failure to produce its bank records. *Id.* They instead quibble with the district court's account of the MP-Tenn LLC transaction and its assessment of Fawn's credibility. But we owe the district court deference on both factual findings and credibility determinations. *Anderson v. City of Bessemer City*, 470 U.S. 564, 574-76 (1985).

In all, appellants have not carried their burden to show that it was likely an abuse of discretion for the district court to expand the receivership to Grant Sidney.

No. 26-5492
-10-

For the reasons provided above, the motion for a stay pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk