**IN THE SIXTH CIRCUIT COURT OF APPEALS**

| | | |
|---|---|---|
| **GRANT SIDNEY, INC., FAWN WEAVER AND KEITH WEAVER** | ) | |
| **Appellants,** | ) | **DKT. NO. 26-5492** |
| **v.** | ) | |
| **FARM CREDIT MID-AMERICA, PCA,** | ) | |
| **Appellee.** | ) | |

# APPELLANTS' RESPONSE IN OPPOSITION TO RECEIVER-APPELLEE'S MOTION TO DISMISS

Appellants Fawn Weaver, Keith Weaver, and Grant Sidney, Inc. respectfully oppose Receiver-Appellee Phillip G. Young, Jr.'s motion to dismiss. The May 26, 2026, order is appealable under 28 U.S.C. § 1292(a)(2) because it refused to wind up the receivership and materially expanded the receiver's authority to include Grant Sidney, Inc. Appellants timely appealed that order on May 27, 2026.

## <u>The Motion to Dismiss</u>

The motion to dismiss filed by the Receiver in this case makes the argument that (1) there is no final order, and therefore this Court has no jurisdiction over this appeal; and (2) That there is no appeal as of right as it characterizes the aspects of the May 26, 2026, order as a "mid-stream" order when it refers to provisions of the

order extending the receivership over a non-party corporation, Grant Sidney, Inc., and alternatively argues that without an appeal of the original order, no appeal of the refusal to terminate the receivership almost a year later on grounds that did not exist at the time of the appointment should be allowed by this Court. Third, they argue that there is no permissive appeal of this order.

All of these arguments should not be well taken as they attempt to mischaracterize the very simple set of facts that exist here: the May 26, 2026 order is an order which refuses to terminate, i.e., wind up, a receivership, and as such, creates an appeal as of right pursuant to Section § 1292(a)(2).

The Receiver's motion improperly characterizes this appeal as an untimely challenge to the August 22, 2025 order appointing the receiver. However, this is not accurate. The Appellants seek review of the later order, entered May 26, 2026, which independently denied termination of the receivership and clarified that Grant Sidney, Inc. was subject to the receivership. Therefore, as this order specifically creates an appeal as of right, the motion to dismiss must be denied.

## ARGUMENT

### I. The May 26 order is appealable under § 1292(a)(2).

Section 1292(a)(2) authorizes an appeal from:

> "Interlocutory orders appointing receivers, **or refusing orders to wind up receiverships** or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." 28 U.S.C. § 1292(a)(2).

(emphasis added). The Appellants have filed this appeal in reliance upon the explicit language cited above in § 1292(a)(2) in reference to the ruling in the May 26, 2026 order.

In the Appellants' analysis of the applicability of Section 1292(a)(2) to this order, all parties appear to admit that the order of the District Court is an interlocutory order, as the case has continued to be litigated and is therefore within the purview of § 1292(a)(2). Second, by the expressed language in the *Motion to Reconsider the Memorandum Opinion and Order and Order Appointing Receiver and to Stay Access to Proprietary Information*, filed by the Defendants/Appellants, the relief requested is likewise without dispute:

> " WHEREFORE, the Grant Sidney, Inc., Fawn Weaver and Keith Weaver, as majority Directors of Uncle Nearest, Inc., hereby respectfully request that the Court (1) terminate the Receivership effective immediately, (2) order that all third parties remain stayed in accordance with the Receivership Stay for 180 days to allow a transition time for return of control to the Board, and (3) grant such other relief as is appropriate."

This reference makes it clear that the relief requested is the termination or winding up of the receivership. Section 1292(a)(2) expressly authorizes an appeal as of right for such orders.

As to the argument that the appeal is untimely because the Defendants did not appeal the August 22, 2025, order initially appointing the receiver, this is without merit, as that order is not the basis for the appeal. As § 1292 notes, orders both

appointing receivers and orders refusing to wind up receiverships are appealable as of right.

This Court should note that the order appointing the receiver expressly authorized a motion to dissolve, or, in other words, terminate the receivership, *in the event of a material change in circumstances which would eliminate the need for a receiver*. This is stated explicitly in the order:

> "..That said, the Court will tolerate the existence of a receiver only so long as it is necessary. If a material change in circumstances eliminates the need for a receiver, then any party may file a motion to dissolve the receivership…"

The Defendants did as allowed by this order and filed a motion to reconsider, based upon changed circumstances and consequently asked the court for this specific relief:

> "WHEREFORE, the Grant Sidney, Inc., Fawn Weaver and Keith Weaver, as majority Directors of Uncle Nearest, Inc., hereby respectfully request that the Court (1) terminate the Receivership effective immediately, (2) order that all third parties remain stayed in accordance with the Receivership Stay for 180 days to allow a transition time for return of control to the Board, and (3) grant such other relief as is appropriate."

It strains credulity to suggest that the motion to reconsider did not seek an outright termination of the receivership and that the Court's order denying that relief did not refuse that relief on grounds wholly separate from those raised in the earlier order.

Furthermore, the Sixth Circuit has recognized appellate jurisdiction over interlocutory receivership orders under § 1292(a)(2). See *Pension Benefit Guaranty*

*Corp. ex rel. APL/NVF Consolidated Pension Plan v. Evans Tempcon, Inc*., 630 F. App'x 410, 414 (6th Cir. 2015). The Receiver's motion does not articulate a basis to eliminate the statutory basis for review simply because the order also addressed issues arising from the original appointment.

Finally, in support of the motion to dismiss, the Appellee cites the 1929 case of *Grand Beach Co. v. Gardner***,** 34 F. 2d 836 (6th Cir. 1929) for the proposition that Section 1292 makes no provision for an appeal of an interlocutory order "like this one" denying a motion to vacate the original appointment. See Appellee's motion to dismiss at 4. However, a review of the *Grand Beach* case provides no support for such a conclusion, and this argument is a strained interpretation of a 1929 case.

In that case, there was a foreclosure judgment over a Trust Deed involving bonds issued by the company. The appeal was taken 67 days after the judgment. The court therein ruled that the judgment was not a final judgment, and the receiver in that case held a first lien in regard to the property. Nothing in *Grand Beach* mentions a motion to terminate a receivership or even touches the issue of whether an order on a motion to reconsider is of such a class of order to be subject to this Court's original jurisdiction under a statute (§ 1292) which did not exist at the time of the decision. *Id*.

**II. This appeal is not an untimely appeal from the original appointment order.**

The Receiver argues that Appellants' appeal is untimely because the receiver was appointed on August 22, 2025. That argument confuses the order being challenged.

Appellants did not file a notice of appeal from the August 22 appointment order. Instead, they appealed the May 26, 2026, order, which denied their request to terminate the receivership and granted clarification concerning the scope of the receiver's authority. The notice of appeal specifically identified the May 26 order by date and docket number.

The notice was filed the next day and was therefore timely under Fed. R. App. P. 4(a)(1)(A). The Receiver cannot transform a timely appeal from a later order into an untimely appeal from an earlier order merely by characterizing the later ruling as a reconsideration of the original appointment.

The question on appeal is whether the district court properly refused to terminate the receivership under the circumstances presented in 2026 and whether it properly expanded the receivership to Grant Sidney, Inc. Those questions arose from the May 26 order and were timely presented.

**III. The order materially expanded the receivership and directed further receivership administration.**

The May 26 order did more than deny reconsideration. It clarified that Grant Sidney, Inc. was included within the receivership and authorized the receiver to

investigate its assets and determine whether assets belonged to Uncle Nearest, Inc. or another entity already subject to the receivership.

That ruling materially affected a separate entity's property, corporate control, records, and operations. It was not a routine administrative ruling. The district court's order imposed new obligations and expanded the practical reach of the receiver's authority.

Again, Section 1292(a)(2) applies to orders refusing to wind up receiverships or directing steps to accomplish the purposes of a receivership. 28 U.S.C. § 1292(a)(2). The challenged order falls within that receivership-specific jurisdiction because it required the receiver to take additional steps to identify, safeguard, and administer assets allegedly within the receivership estate.

In sum, the argument in support of the motion to dismiss relies on case authority involving ordinary, mid-stream administrative orders. Those decisions do not control an order that materially enlarges the receivership estate and subjects a separate entity to receivership control. The order here presents a materially different jurisdictional question and is clearly of the variety which creates an appeal as of right pursuant to Section 1292(a)(2).

## CONCLUSION

WHEREFORE, THE APPELLANTS PRAY that this Court:

1. Deny the Receiver-Appellee's motion to dismiss;

2. Hold that the May 26, 2026, order is appealable under 28 U.S.C. § 1292(a)(2); and

3. Permit this appeal to proceed.

Respectfully submitted,

/s/ Curtis D. Johnson, Jr.
CURTIS D. JOHNSON, JR., #015518
Attorney for Debtor
Suite 1002, 1407 Union Avenue
Memphis, TN 38104
(901) 725-7520
Fax (901) 725-7570
cjohnson@johnsonandjohnsonattys.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Curtis Douglas Johnson, Jr.
**Curtis Douglas Johnson, Jr.**

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), I certify that this response contains 1,971 words, excluding the parts of the response exempted by Fed. R. App. P. 32(f) and 6th Cir. R. 32(b)(1). This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Curtis Douglas Johnson, Jr.
**Curtis Douglas Johnson, Jr.**

## ADDENDUM

Pursuant to 6th Cir. R. 30(g)(1), Appellants designate the following relevant district-court documents:

| **District-court document** | **Record number** | **Relevant pages** |
|---|---|---|
| Complaint | R.1 | 1–33 |
| Defendants' brief supporting appointment of receiver | R.37 | 2482–2489 |
| Order Appointing Receiver | R.39 | 2496–2513 |
| Motion for Clarification of Receivership Order | R.41 | 2516–2520 |
| | | |
| Motion to Reconsider and to Stay Access to Proprietary Information | R.91 | No PageID numbers |
| Receiver's brief supporting motion for clarification | R.124 | 3209–3213 |
| District-court order entered May 26, 2026 | R.198 | 7754–7815 |
| Notice of appeal | R.200 | 7817–7819 |