Case No. 26-5492

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FAWN WEAVER, KEITH WEAVER, & GRANT SIDNEY, ET AL.,
Appellants

v.

FARM CREDIT MID-AMERICA, PCA; PHILLIP G. YOUNG, JR.,
Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
Case No. 4:25-cv-00038

# RECEIVER-APPELLEE PHILLIP G. YOUNG, JR.'S REPLY IN SUPPORT OF MOTION TO DISMISS

*s/ Trent Meriwether*
Justin Campbell (31056)
Trent Meriwether (38577)
Thompson Burton, PLLC
1801 West End Ave., Ste. 1550
Nashville, TN 37203
(615) 465-6000
justin@thompsonburton.com
trent@thompsonburton.com
*Counsel for Receiver-Appellee*

# REPLY

Appellants' response relies solely upon the right to appeal interlocutory orders refusing "to wind up receiverships or to take steps to accomplish the purposes thereof." 28 U.S.C. § 1292(a)(2); Opp., 2-3. But the District Court's Order did neither.

**1.** Appellants first say that the Order "refuse[d] to terminate, i.e., wind up," the receivership. Opp., 2. That conflates "terminate" with "wind up." The former seeks "[t]o vacate" a receivership with "retroactive effect"; the latter ends it because the receiver "changed [the] circumstances." *Grand Beach Co. v. Gardner*, 34 F.2d 836, 838 (6th Cir. 1929). Appellants' motion fits the former, titled a "Motion to *Reconsider*" the "Order Appointing Receiver," attacking "the bases asserted by Farm Credit in support of the *appointment* of a Receiver," and asking to "terminate the Receivership effective immediately." (R.91, Mot. to Recon., ¶¶ 2, 21, and p.25). Such a motion, "in substance 'to vacate' the receivership" and "based solely upon the illegality or impropriety of the original order appointing a receiver," is not appealable. *Grand Beach*, 34 F.2d at 838.

Appellants resist this in two ways. First, they say that "[n]othing in *Grand Beach* mentions a motion to terminate a receivership" or appellate jurisdiction over it. Opp., 5. Yet *Grand Beach*'s whole point is that this Court lacks appellate jurisdiction over an order denying a motion to vacate (terminate) a receivership. 34 F.2d at 838. Second, Appellants say that § 1292 "did not exist at the time" of *Grand Beach*. Opp., 5. True, but its "substance" did, just codified at 28 U.S.C. § 227, which *Grand Beach* quotes. *City of Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 256 n.1 (1949). And

still today, "[t]he reported cases uniformly hold that the statute"—§ 1292—"makes no provision for an appeal from an interlocutory order denying a motion to vacate an original appointment." *Coskery v. Roberts & Mander Corp.*, 189 F.2d 234, 236 (3d Cir. 1951) (citing *Grand Beach* and others); *Bank of Am., N.A. v. Jones*, No. 20-12083, 2022 WL 1951591, at *3 (11th Cir. June 6, 2022) (holding same).

**2.** Separately, Appellants claim a right to appeal because the Order brings Grant Sidney into the receivership. Opp., 6-7. By their lights, when § 1292(a)(2) says it applies to orders refusing "to take steps to accomplish the purposes thereof," it means orders "directing steps to accomplish the purposes of a receivership" *generally*. Opp., 7. But textually, that's wrong because, as "every circuit to address the issue has held," the phrase "accomplish[ing] the purposes thereof" applies to the receivership's winding up, *not* the receivership's purposes generally. *SEC v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1331 (11th Cir. 2022) (cleaned up). Otherwise every "mid-stream" decision immediately comes to this Court as the "micromanagers of district courts' day-to-day administration of receiverships." *Id.* at 1331, 1333. Instead, the right applies to "initial orders establishing receiverships and later orders refusing to wind them up." *Id.* at 1331. Everything in between requires permission to appeal under § 1292(b). But like the *SEC* appellant, these Appellants never did that. *Id.* at 1331 n.3. And so, like the expansion of the receivership in *SEC*, no right to appeal exists over this "scope-related order[] entered in an ongoing receivership." *Id.* at 1333.

## CONCLUSION

Appellants have no reason to be here. They admit the Order is interlocutory, requiring either a right or permission to appeal under § 1292. They never sought permission, so they could only appeal if, under § 1292(a)(2), that Order either imposed a receivership or refused to wind one up. It did neither. Rather, it denied Appellants' belated motion to reconsider the initial receivership and granted the Receiver's motion to expand the scope. Unless this Court wants to micromanage the District Court's every mid-stream receivership order, it should dismiss this appeal.

Respectfully submitted,

*s/ Trent Meriwether*
Justin Campbell (31056)
Trent Meriwether (38577)
Thompson Burton, PLLC
1801 West End Ave., Ste. 1550
Nashville, TN 37203
(615) 465-6000
justin@thompsonburton.com
trent@thompsonburton.com
*Counsel for Receiver-Appellee*

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 27(d)(2)(C) and 32(g)

This reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because this reply contains 902 words, excluding portions exempted by Fed. R. App. P. 32(f) and 6 Cir. R. 32(b)(1).

This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this reply has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

*s/ Trent Meriwether*
Trent Meriwether

**CERTIFICATE OF SERVICE**

I hereby certify that, on the same day as this filing, a copy of the foregoing was served by this Court's electronic filing system to all parties listed below.

Curtis Douglas Johnson, Jr.
Florence M. Johnson
Johnson & Johnson, PC
901-725-7520
1407 Union Ave., Room 1002
Memphis, TN 38104
*Counsel for Appellants*

*s/ Trent Meriwether*
Trent Meriwether